UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

---

MARY ANN MICHAELS,

Plaintiff,

v.

KING KOIL LICENSING COMPANY, INC., a Delaware corporation, MICHAEL KEHNAST and ERNEST FRIEDMAN,

Defendants.

Civil No. 01-1399 DWF/AJB

**ORDER**

---

The above matter came before the Court on Plaintiff's motion to amend the Complaint. Based on the file, affidavits, memoranda and arguments of counsel, IT IS HEREBY ORDERED THAT:

1. Plaintiff's Motion is **granted** [Docket No. 7];

2. The amended complaint relates back to the date of the original complaint.

Dated: 11/21/01

Arthur J. Boylan
United States Magistrate Judge

**MEMORANDUM**

Plaintiff's original complaint named, as defendants, King Koil Licensing Company ("King Koil"), Michael Kehnast and Ernest Friedman. Plaintiff now seeks leave to file an amended complaint, adding Kyco Industries, Inc. ("Kyco"), King Koil's parent corporation.

NOV 21 2001
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

After an answer has been filed in a case, a plaintiff "may amend the party's pleading only by leave of court . . . and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). The decision whether to grant leave to amend a pleading is left to the sound discretion of the district court. Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998). Justification for denying a motion to amend includes (1) undue delay, (2) bad faith or dilatory motive on the part of the moving party, (3) futility of the amendment and (4) undue prejudice to the opposing party by virtue of allowance of the amendment. Id. Here, the Court does not find justification for denying the motion.

First, the Court does not conclude that Plaintiff has brought the amendment in bad faith or after undue delay. Adding Kyco was not apparently necessary until King Koil alleged that it was not an employer under Title VII. Next, Defendants do not articulate any specific prejudice that would result from adding Kyco. Lastly, although Defendants suggest that the proposed amendment is futile, the Court cannot *now* say that the amendment would be clearly frivolous. Futility should not be the basis for denying a motion to amend unless the new claim is clearly frivolous. Becker v. Univ. of Nebraska at Omaha, 191 F.3d 904, 908 (8th Cir. 1999).

As a final matter, Plaintiff asks that the amended complaint relate back to the date of the original complaint. Defendants present no basis to deny this request.

AJB