THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Mary Ann Michaels,

Plaintiff,

vs.

King Koil Licensing Company, Inc., a Delaware Corporation, Michael Kehnast and Ernest Friedman,

Defendants.

**STIPULATION FOR CONFIDENTIALITY AND PROTECTIVE ORDER**

Court File No. 01-1399 DWF/AJB

## STIPULATION FOR CONFIDENTIALITY

**WHEREAS** the Parties, through discovery, have gained and continue to seek access to documents that contain information the Parties believe includes private and confidential information related to the Plaintiff's daughter, Lauren Iversen; as well as confidential information related to the individual Defendants, non-parties to this lawsuit and the business operations of King Koil.

**WHEREAS** the Parties are concerned that personal, privileged and confidential information will be produced as part of discovery and that without appropriate protections there may be undue invasion of privacy including, potentially, publication of private facts or intrusion upon seclusion of the Plaintiff's daughter, the individual Defendants, non-parties to this lawsuit, and the business operations of King Koil.

**WHEREAS** the Parties desire to enter into a Protective Order limiting the disclosure of the documents, communications, and other confidential information regarding Plaintiff's daughter and the business operations of King Koil to the respective Parties; their attorneys; the designated experts; and the Court.

JUL 02 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED** by and among the above captioned Parties and their attorneys that the Parties will abide by the terms of this Stipulation, and that the Court may enter an Order pursuant to the following terms:

**DESIGNATION**

1. Documents, communications, and other discoverable information, including medical records and all excerpts, copies, summaries and versions, which refer in any way to Plaintiff's daughter, which are designated by Plaintiff as "Confidential Information" shall constitute "Confidential Information;"

2. Plaintiff now designates all portions of her medical records, or any summaries or excerpts of those medical records, which refer in any way to her daughter, as Confidential Information;

3. Defendants now designate as Confidential Information King Koil "business operation records" which include: payroll records (except as they refer to Plaintiff); trade secret information; financial records; board meeting minutes; personnel information contained in employee personnel files (other than those records regarding Plaintiff) such as pay information and performance evaluations; sales information and information pertaining to King Koil licensees; and deposition testimony as designated.

4. With respect to Confidential Information, any person indicated on the face of the documents and/or item, to be its originator, author, or recipient of a copy thereof may be shown the same;

5. Nothing in this Stipulation and Protective Order shall be deemed to designate, and Defendants shall not designate, as Confidential Information any of Plaintiff's personnel information, payroll information or any information related to Plaintiff's allegations in this lawsuit.

**DISCLOSURE**

6. Confidential Information, and all information contained therein, shall not be disclosed to any person or in any manner other than the persons and manner set forth in this Stipulation;

7. Confidential Information shall not be given, shown, made available, communicated, or disclosed to anyone other than:

a. The Parties to the above-captioned action;

b. The attorneys of record in this action and their associated attorneys, legal assistants, or other staff members working on the above-captioned action;

c. Independent consultants and/or experts retained by the Parties to work on the above-captioned action;

d. Stenographic reporters engaged for depositions or other proceedings necessary to the conduct of the above-captioned action;

e. Such persons as the undersigned Parties and counsel shall mutually consent to in writing or on the record prior to the proposed disclosure;

f. The Court, under seal, and pursuant to the terms of this Stipulation and/or Jury;

g. Non-party witnesses in deposition and/or trial who agree not to release the Confidential Information to any person or entity.

h. Representatives or agents of the Defendants' insurers who agree not to release the Confidential Information to any person or entity.

i. Persons otherwise required by law.

8. Confidential Information shall be used solely for negotiations between Parties to the above-captioned action, appraisal, preparation, arbitration, mediation, or other alternative

dispute resolution, trial, appellate review, and/or settlement of the above-captioned action. Confidential Information will not be communicated or used by a Party or counsel for the Parties or any witness for any other purpose. Prior to any disclosure of confidential documents pursuant to paragraph 5(c)(e)(g)(h) and (i), each person receiving such confidential documents shall first be provided with a copy of this Stipulation and Protective Order and Order and certify in writing that he or she has read the Stipulation and Protective Order and Order, understands it, and agrees to be bound thereby. The certificate shall be in the form of the Acknowledgment of Confidentiality and Protective Order provided in Exhibit "A" attached hereto;

9. In the event counsel for any Party determines to submit to the Court for any purpose, including trial, any Confidential Information, such Confidential Information shall be submitted under seal unless the designating party and, where applicable, the referenced non-party have consented in writing to the disclosure, or unless the Court directs otherwise;

10. Confidential Information may be used in connection with the deposition of any person without prior notice; provided, however, that counsel for the party designating information as Confidential Information ("the designating Party") may assert the protection of this order at any deposition and, if such protection is so asserted, the deponent must be advised of the terms of this order and agree on the record to abide by such terms. If the deponent refuses to abide by the terms of this order and the designating Party refuses to withdraw its assertion of confidentiality, the non-designating Party shall have the right to suspend the deposition and bring a motion before the Court seeking a ruling on the issue. The Parties agree that the Confidential Information in question shall not be used during the deposition pending a ruling from the Court. The Parties further agree that if it is determined that the designating Party has done so in a bad faith attempt to hinder the rights of the non-designating Party to obtain deposition testimony, the

non-designating Party shall be entitled to recover from the designating Party their reasonable costs, including attorneys' fees, and other sanctions as the Court deems appropriate, incurred in connection with said motion, with such monetary award to be paid within ten (10) business days of the entry of the Court's order;

11. Where only part of the documents furnished or produced by a designating Party is Confidential Information, counsel for the non-designating Party shall delete therefrom Confidential Information before disclosing such material or transcript to any person other than a person designated in paragraph five (5);

12. Deletions made from any Confidential Information in accordance with the terms of this order shall not affect the admissibility of any such Information or transcript in evidence in this action;

13. The Parties will attempt to resolve disputes about the status or use of Confidential Information on an informal basis when disputes arise. If a Party objects to a confidential designation, or the effect of such a confidential designation under this Agreement, that non-designating Party may move the Court (after giving ten (10) days prior written notice of such motion to the designating Party) for an Order changing the designated status of such material or otherwise relieving the non-designating Party from restrictions contained in this order. During the interim, between the initial designation of the material by the designating Party and the Court's determination of a timely motion, such material shall be treated as Confidential;

14. The foregoing Stipulation and Protective Order and Order is entirely without prejudice to the right of any Party to apply to the Court for any further protective order relating to any Confidential Information; to object to the production of documents it considers to be highly Confidential; to apply to the Court for an order compelling production of documents, or

for modification of this Stipulation and Protective Order and Order, or for an order permitting the disclosure of any Confidential Information beyond the terms of this order;

15. The inadvertent or unintended disclosure by the designating Party regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the designating Party's claim of confidentiality, whether as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter;

16. Confidential Information may be used as exhibits at trial subject to such protection as the Court shall order at trial;

17. Interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize or contain Confidential Information entitled to protection under this Stipulation shall be accorded the status of Confidential Information and, to the extent feasible, shall be prepared in such a manner that the Confidential Information is bound separately from that not entitled to protection;

18. The disclosure of information designated as "CONFIDENTIAL INFORMATION" under the terms of this Stipulation shall not constitute a waiver of any privilege;

19. Nothing in this stipulation shall prevent any Party or other person from seeking modification of this Stipulation or from objecting to discovery that it believes to be otherwise improper;

20. The confidentiality of the Confidential Information shall be preserved both during and after final disposition of this dispute and any related action. Within thirty (30) days of the conclusion of the trial and all appeals or other termination of the action, or upon the settlement of

all issues in this lawsuit, all information produced under the provisions of this Order (and all copies) shall be returned to the designating Party and all extracts and summaries thereof shall be destroyed. Counsel for any Party may retain one copy of any and all pleadings or others papers filed in Court which contain Confidential Information for the purpose of any possible future dispute over alleged violations of this Agreement or over any agreement, decision, decree, or Order of Judgment disposing of all or part of this action. The provisions of this Order, insofar as they restrict the communication and use of the documents produced hereunder or information obtained from such documents shall, without written permission of the designating Party or further order of the Court, continue to be binding after the conclusion of the action. For purposes of this paragraph, if less than all of the related actions are concluded, any present Party who is no longer a Party to the remaining action or actions shall be required to comply with this paragraph thirty (30) days following the conclusion of the last action in which the Party is a named Party; and

21. This Stipulation may be executed in counterparts.

**SO STIPULATED:**

RIDER, BENNETT, EGAN & ARUNDEL, LLP

By [signature]
Sheila Engelmeier (175250)
Laura Tubbs Booth (186910)
Leondra M. Hanson (294512)
Attorneys for Plaintiff Mary Ann Michaels
333 South Seventh Street, Suite 2000
Minneapolis, MN 55402
(612) 340-7951

Dated: June 11, 2002

JACKSON LEWIS SCHNITZLER & KRUPMAN

By Shelly B. Martin

Shelly B. Martin, Esq. (287076)
David J. Duddleston, Esq. (139804)
King Koil Licensing Company d/b/a King Koil Sleep Products
150 S. Fifth Street, Suite 2800
Minneapolis, MN 55402
Phone: (612) 341-8131

Dated: June 25th, 2002

**PROTECTIVE ORDER AND ORDER TO FILE UNDER SEAL**

Based on a Stipulation for Protective Order by the above-named Plaintiff and Defendant:

**IT IS HEREBY ORDERED** that all Confidential documents in this matter must be kept confidential from the public unless the above-signed persons first consent, in writing, to its disclosure, or upon further Order by the Court, whichever occurs first. If Confidential Information, as that term is defined within the Parties' Stipulation for Confidentiality and Protective Order, is to be used in connection with any proceeding before this Court, such Confidential Information shall be filed under Seal.

BY THE COURT:

Dated: 7/2, 2002

Honorable Arthur J. Boylan
United States Magistrate Judge of District Court



RB
RIDER BENNETT
EGAN&ARUNDEL

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.